L.B.F. 3015.1-1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

In re: Kevin Haughey

Case No.: 18-11025 -AMC

Chapter: 13

Debtor(s)

# Chapter 13 Plan

☐
☑ Second    **AMENDED**

Date: 10/29/2018

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

### Part 1: Bankruptcy Rule 3015.1 Disclosures

☑ Plan contains non-standard or additional provisions – see Part 9
☑ Plan limits the amount of secured claim(s) based on value of collateral
☑ Plan avoids a security interest or lien

### Part 2: Payment and Length of Plan

**§ 2(a)(1) Initial Plan:**
  **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ 0.00
  Debtor shall pay the Trustee $ _____ per month for ____ months; and
  Debtor shall pay the Trustee $ _____ per month for ____ months.
  ☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(a)(2) Amended Plan:**
  **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ 10,482.93
  The Plan payments by Debtor shall consists of the total amount previously paid ($ 969.43 ) added to the new monthly Plan payments in the amount of $ 179.50 beginning 10/15/18 (date) for 53 months.
  ☐ Other changes in the scheduled plan payments are set forth in § 2(d)

**§ 2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

**§ 2(c)** Use of real property to satisfy plan obligations:
☐ Sale of real property
See § 7(c) below for detailed description

☐ Loan modification with respect to mortgage encumbering property:
See §7(d) below for detailed description

**§ 2(d)** Other information that may be important relating to the payment and length of Plan:

## Part 3: Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)

**§ 3(a)** Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| Chapter 13 Trustee | 507(a)(2) administrative expenses | $ 776.50 |

**§ 3(b)** Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.

☑ **None.** If "None" is checked, the rest of § 3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Amount of claim to be paid |
|---|---|
|  |  |
|  |  |

**Part 4: Secured Claims**

### § 4(a) Curing Default and Maintaining Payments

☐ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

☑ The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing.

| Creditor | Description of Secured Property and Address, if real property | Regular Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable(%) | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| Nationstar Mortgage LLC | Debtor's principal residence 958 Anchor St. Philadelphia, PA 19124 | $ 555.94 | $ 9,706.25 | | $ 9,706.25 |

### § 4(b) Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim

☐ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either**:** (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be paid |
|---|---|---|---|---|---|
| Dep't of Housing & Urban Dev. | 958 Anchor Street Phil., PA 19124 | $ 19,810.65 | 0.00 | $ 0.00 | $ 0.00 |
| Lexington Nat'l Insurance Corp | 958 Anchor Street Phil., PA 19124 | $ 50,000.00 | 0.00 | $ 0.00 | $ 0.00 |

### § 4(c)  Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506
☑ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below.  If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value Interest | Estimated total payments |
|---|---|---|---|---|
|  |  |  | _____ % | $ _____ |
|  |  |  | _____ % | $ _____ |

### § 4(d)  Surrender
☐ **None.** If "None" is checked, the rest of § 4(d) need not be completed.

(1)  Debtor elects to surrender the secured property listed below that secures the creditor's claim.

(2)  The automatic stay under 11 U.S.C. § 362(a) with respect to the secured property terminates upon confirmation of the Plan.

(3)  The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Secured Property |
|---|---|
| Sierra Auto Finance | 2000 Pontiac Montana (previously repossessed) |

## Part 5:  Unsecured Claims

### § 5(a)  Specifically Classified Allowed Unsecured Non-Priority Claims
☑ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Basis for Separate Classification | Treatment | Amount of Claim | Amount to be paid |
|---|---|---|---|---|
|  |  |  |  |  |

### § 5(b)  All Other Timely Filed, Allowed General Unsecured Claims

(1) Liquidation Test *(check one box)*

☑ All Debtor(s) property is claimed as exempt.
☐ Debtor(s) has non-exempt property valued at $ _____ for purposes of § 1325(a)(4)

(2) **Funding: § 5(b) claims to be paid as follows** *(check one box)*:

☑ Pro rata
☐ 100%
☐ Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

☑ **None.**  If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|
|  |  |  |

## Part 7: Other Provisions

### § 7(a)  General Principles Applicable to The Plan

(1) Vesting of Property of the Estate *(check one box)*
☑ Upon confirmation
☐ Upon discharge

(2) Unless otherwise ordered by the court, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly.  All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**§ 7(b)  Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence**

(1)  Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2)  Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3)  Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s).  Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4)  If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5)  If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6)  **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**§ 7(c)  Sale of Real Property**
☑ **None.**  If "None" is checked, the rest of § 7(c) need not be completed.

☐ (1)  Closing for the sale of _____ (the "Real Property") shall be completed within _____ months of the commencement of this bankruptcy case (the "Sale Deadline").  Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").

(2)  The Real Property will be marketed for sale in the following manner and on the following terms:

(3)  Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser.  However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. §363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4)  Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(5)  In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:

☐ Continuation sheet attached

### § 7(d)  Loan Modification
☑ **None.** If "None" is checked, the rest of § 7(d) need not be completed.

(1) Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $_____ per month, which represents _____ (***describe basis of adequate protection payment***). Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification is not approved by _____ (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 8:  Order of Distribution

**The order of distribution of Plan payments will be as follows:**

**Level 1:** Trustee Commissions*
**Level 2:** Domestic Support Obligations
**Level 3:** Adequate Protection Payments
**Level 4:** Debtor's attorney's fees
**Level 5:** Priority claims, pro rata
**Level 6:** Secured claims, pro rata
**Level 7:** Specially classified unsecured claims
**Level 8**: General unsecured claims
**Level 9:** Untimely filed, allowed general unsecured claims

*\*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9:  Non Standard or Additional Plan Provisions

☐ **None.** If "None" is checked, the rest of § 9 need not be completed.   X  Add Non-standard provisions

§ 9(a) ADDITIONAL PROVISIONS REGARDING SECURED CLAIMS PROVIDED FOR BY PART 4 OF THE PLAN:
(1) As to the secured claims provided for in this Plan, confirmation of this plan shall constitute a finding and order that:

(a)  The amount of the allowed secured claims are sufficient to cure any default or arrears that existed as of the date of the petition;

(b)  The debtor is curing the arrears, if any, within a reasonable period of time;

(c)  The amount needed to pay any allowed secured claim(s) for arrears over the life of the plan does not exceed the total payment on the claim(s) set forth above;

(d) The amount needed to pay any allowed secured claim(s) over the life of the plan, to the extent any such claims are filed and allowed, does not exceed the total payment on such claims as provided for in this Plan;

Continued on attached pages...

☑ Continuation sheet attached

CONTINUATION SHEET FOR SECTION 9

(e) Nationstar shall perform its annual escrow analysis as if there had been no default in the mortgage. If Nationstar or any servicing agent fails to perform an annual escrow analysis or fails to notify Debtor of any escrow payment changes required during the life of this Plan, consistent with Bankruptcy Rule 3002.1, it shall be precluded from collecting, after this Plan is completed, any deficiencies in the mortgage debt that result from such failure during the life of the Plan.

(f) The lien of Nationstar shall survive the confirmation of the Debtor's plan to the extent it is found to secure an allowed secured claim and is not void, avoided, or subject to avoidance. The lien, however, shall be extinguished to the extent it is found in an adversary proceeding to be, or to the extent it is under applicable bankruptcy law or nonbankruptcy law, void or voidable and to the extent the principal balance of the proof of claim is reduced by payments made by Debtor.

### § 9(b) SECURED CLAIMS NOT PROVIDED FOR BY THE PLAN

No payments shall be made by the trustee to the holders of the following claims, whether or not the claims are filed and allowed. The holders of these claims shall retain any liens which they may have, unaffected by this plan. The claims shall not be discharged by the entry of a discharge order. The claims will be addressed by the Debtor outside the plan. These claims are expressly "not provided for" by this Plan within the meaning of 11 U.S.C. §§ 1325(a)(5) and 1328.

| Name of Creditor | Description of Secured Property and address, if real property | Amount of Secured Claim | Total Amount to be Paid |
|---|---|---|---|
| City of Philadelphia (Water/sewer arrears) | 958 Anchor Street | $4,341.15 (Claim No. 6) | Debtor will be applying for the TAP program. Total amount to be paid will be determined by agreement with the Creditor. |
| City of Philadelphia (Water/sewer arrears) | 958 Anchor Street | $2,097.45 (Claim No. 5) | Claim number 5 reflects the balance on Debtor's HELP loan. Debtor has a repayment agreement with the Water Revenue Bureau. Total amount to be paid will be determined by agreement with the Creditor. |

CONTINUATION SHEET FOR SECTION 9

| | | | |
|---|---|---|---|
| City of Philadelphia (Water/sewer arrears) | 958 Anchor Street | $756.00 (Claim No. 7) | Claim number 7 reflects the balance of a prior Water Revenue judgment and a code enforcement judgment. Claim number 7 will be paid outside the plan via agreement with the Creditor. |

### § 9(c) ADDITIONAL PLAN PROVISIONS - CONFIRMATION OF THIS PLAN WILL CONSTITUTE A FINDING AND ORDER THAT:

**(1) Post-Confirmation Costs & Fees**.  Upon confirmation of this plan, no creditor may assess against the Debtor or Debtor's estate for attorney fees, administrative costs, or other collection costs or charges arising during the bankruptcy, except as permitted by 11 U.S.C. § 506(b) and upon entry of an order of approval of the Court after notice to the Debtor. Unless approved by the Court, the Debtor and the Debtor's estate shall have no liability for any such fees, costs or other charges arising or incurred during the plan, and there shall be no in rem liability against property held at any time by the Debtor or Debtor's estate. Any application for approval of fees, costs or other charges under this Paragraph shall meet the requirements of Fed. R. Bankr. P. 2016(a).

**(2) Credit Reporting**.  No creditor shall enter or cause to be entered any adverse or derogatory information on a credit report or provide adverse or derogatory information to a credit reporting agency as long as the debtor is performing in compliance with this plan.

**(3) Refusal of Disbursements**.  In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

**(4) Plan in Good Faith**.  Confirmation of this Plan shall constitute a finding that the Plan was proposed in good faith and represents the Debtor's best efforts under all the circumstances to pay the creditors, within the meaning of 11 U.S.C. § 727(a)(9).

**(5) Extension beyond 36 months**.  Confirmation of this Plan shall constitute a finding that cause exists for extending the Plan beyond three (3) years, in accordance with 11 U.S.C. § 1322(d). Confirmation shall also constitute approval of such extension.

CONTINUATION SHEET FOR SECTION 9

**(6) Continued Possession Essential to Success**. Confirmation of this Plan shall constitute an order that the Debtor's continued possession of the property at 958 Anchor Street is essential to the success of Debtor's Plan and a finding that the Debtor's Plan would likely fail if the Debtor was forced to relinquish possession of the property.

**(7) No Collection Against Co-Signers**. By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any co-signers that may exist, so long as this case remains pending, and further agree to take no steps to collect their claims in any other forum or in any manner inconsistent with this plan.

**(8) Funds after Termination of the Plan**. Any money remaining in the hands of the Trustee after the Plan has terminated for any reason shall be returned to Debtor.

**(9) Effect of Dismissal or Conversion**. Pursuant to 11 U.S.C. §1325(a) (5) (B) (i) (II), if the Debtor's Chapter 13 bankruptcy case is dismissed or converted without completion of this plan, the secured creditors shall retain any liens that they may have on the Debtor's property to the extent recognized by the Code or by applicable non-bankruptcy law or by agreement of the parties. The terms of (i) any Orders entered by the Court or (ii) any settlement agreement(s) executed in settlement of Adversary Proceedings or motions filed in this case and executed between any creditors and the Debtor shall remain in full force and effect after dismissal or conversion of the bankruptcy case.

**(10) Adjustment of Records**. Upon completion of the Debtor's Plan and within thirty (30) days of entry of a Discharge Order by the Court, all creditors provided for by this plan, whether priority, secured or unsecured, shall adjust their account records so as reflect that no further amounts are due and owing on the debtor's accounts with the creditors. In the event that there is any dispute about the payment of these creditors, this Court shall retain jurisdiction to evaluate and enforce such creditors' compliance with the Debtor's plan.

**(11) Discharge of Debts**. Upon completion of the plan, all debts listed in the debtor's schedules, except those excepted by 11 U.S.C. § 1328(a) or as specifically provided for under this Plan, shall be discharged.

**(12) Adequate Assurance**. If the Debtor defaults, after the filing of their petition, on any payment to a utility entitled to adequate assurance under 11 U.S.C. § 366(B), then the utility shall, upon application of said utility, become the holder of a Class 1 claim under this plan for the amount not paid when due. This priority shall be deemed adequate assurance of the utilities' right to future payment.

**(13) Post-petition claims of Debtor**. Notwithstanding paragraph 7(a)(4), any money or property recovered by either the Trustee or the Debtor through personal injury or other litigation, where the claims at issue arose after the filing of the chapter 13 bankruptcy petition, shall be the sole property of the Debtor and will be forthwith delivered to the Debtor.

CONTINUATION SHEET FOR SECTION 9

**(14) Limitation on Waiver of Violation of Stay Claims**.  Notwithstanding paragraph 7(b)(6), any waiver of any violation of stay claim arising from the sending of statements and coupon books shall extend only to the fact of the sending of such statements and coupon books.  Debtor expressly does not waive any violation of stay claim arising from the content of any statement or coupon book.

**(15) Retention of Jurisdiction**.  The Bankruptcy Court's jurisdiction over the underlying bankruptcy case and any motion or Adversary Proceeding filed in this matter shall terminate upon entry of a discharge order by the Court.  However, the Court shall retain jurisdiction to enforce the terms of this Plan or any order or decree entered by the Court.

| Part 10:  Signatures |
|---|

Under Bankruptcy Rule 3015(c), nonstandard or additional plan provisions are required to be set forth in Part 9 of the Plan.  Such Plan provisions will be effective only if the applicable box in Part 1 of this Plan is checked.  Any nonstandard or additional provisions set out other than in Part 9 of the Plan are VOID.   By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date: 10/29/2018

s/ Joanne Werdel

Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date: 

Debtor

Date: 

Joint Debtor