United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 18-11025-amc
Kevin J. Haughey                                                          Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2   User: Randi        Page 1 of 1      Date Rcvd: Mar 25, 2019
                      Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 27, 2019.
db             +Kevin J. Haughey,    958 Anchor Street,    Philadelphia, PA 19124-1036

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                           TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 27, 2019                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 25, 2019 at the address(es) listed below:
      JOANNE LOUISE WERDEL    on behalf of Debtor Kevin J. Haughey jwerdel@philalegal.org
      REBECCA ANN SOLARZ    on behalf of Creditor   U.S. Bank National Association, as Trustee for
       STRUCTURED ASSET SECURITIES CORPORATION SASCO MORTGAGE LOAN TRUST 2002-12 MORTGAGE PASS-THROUGH
       CERTIFICATES SERIES 2002- 12 bkgroup@kmllawgroup.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
       philaecf@gmail.com
      WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                                TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kevin J. Haughey <br>           Debtor | CHAPTER 13 |
| U.S. Bank National Association, as Trustee for STRUCTURED ASSET SECURITIES CORPORATION SASCO MORTGAGE LOAN TRUST 2002-12 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2002-12 <br>           Movant <br> vs. | NO. 18-11025 AMC |
| Kevin J. Haughey <br>           Debtor | 11 U.S.C. Section 362 |
| William C. Miller Esq. <br>           Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,491.11,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 1, 2018 to February 1, 2019 at $555.94/month |
| Suspense Balance: | $7.71 |
| Fees & Costs Relating to Motion: | $831.00 |
| **Total Post-Petition Arrears** | **$2,491.11** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file a Motion to Amend his Chapter 13 Plan to include the post-petition arrears of **$2,491.11.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$2,491.11** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due March 1, 2019 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $608.28 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

6. Notwithstanding paragraph five (5), nothing in this Stipulation prevents Debtor from objecting to any Certification of Default or otherwise waives any legal defense to such Certification that Debtor could have raised in response to a Motion for Relief from the Automatic Stay. Should Debtor object to a Certification of Default, the Court shall schedule a hearing on Debtor's objection.

7. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 5, 2019

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire

Date: 3/7/2019

Joanne Louise Werdel, Esquire
Attorney for Debtor

Date: 3-8-19

JACK William C. Miller, Esquire
Chapter 13 Trustee   no objection

Approved by the Court this 25th day of March, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan

Case 18-11025-amc    Doc 73    Filed 03/27/19    Entered 03/28/19 01:04:51    Desc Imaged
Certificate of Notice    Page 5 of 5